[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#106)
The defendant in this collection action raises the following issue through a motion to dismiss. Can a medical care provider maintain an CT Page 4285 action against a party to whom services have been rendered, for the cost of such services when that party has a pending worker's compensation claim which encompasses such expenses which claim is being contested by the employer and its insurer?
For the following reasons it is the opinion of the court that such claim cannot be prosecuted. Section 31-294 of the Connecticut General Statutes "establishes a direct relationship between the employer and its compensation carrier, and the medical care provider, to the exclusion of the employee" and thus "the obligation to pay medical bills runs from the employer to the physician or hospital." Pokorny v. Getta's Garage,219 Conn. 439, 456 (1991).
Does this rule also apply when the worker's compensation claim in question is in dispute and therefore the obligation of the employer and its insurer with respect to such expenses has yet to be resolved? According to Professor Larson in his treatise on worker's compensation law, "[t]he normal rule is that the obligation to pay medical bills runs from the employer to the physician or hospital. It follows that a hospital or doctor may not collect fees over and above the amount paid by the employer. "Nor may such claims be pressed against the employee whilethe compensation proceedings are in progress: if it turns out that the claim was not compensable, and that the employee is to be ultimately liable for the fees, the physician or hospital has been protected by a holding that the statute of limitations is tolled during the pendency of the claim." [emphasis added] 5 Larson sec 94.02[11] p. 94-25-94-26.
The outcome of this case clearly depends upon the ultimate decision made in the worker's compensation forum as to whether the expenses here at issue are causually related to a compensable injury. The jurisdiction to resolve that issue rests with the worker's compensation commissioner. Should the commissioner rule that such expenses are not covered by the worker's compensation act, this court certainly has jurisdiction to entertain the plaintiffs claim against the defendant and enter the appropriate judgment.
Therefore, the motion to dismiss is denied. However, all proceedings in this matter are hereby stayed pending a resolution in the worker's compensation court as to whether the expenses in question are the responsibility of the defendant's employer, or its insurer, under the worker's compensation act.
The plaintiff shall have the right to move to lift this stay if it has reason to believe that the defendant has failed to prosecute his worker's compensation claim with due diligence so as to amount to a virtual abandonment thereof. CT Page 4286
Thompson, J.